IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

CENTER FOR TAXPAYER RIGHTS,
et al.,

               Plaintiffs-Appellees,

                v.

INTERNAL REVENUE SERVICE, et
al.,

               Defendants-Appellants,

No. 26-5006

**APPELLANTS' OPPOSITION TO APPELLEES'
MOTION FOR LIMITED REMAND**

The Court should deny appellees' motion for remand.
Alternatively, the Court should refer appellees' motion to the merits
panel for resolution after expedited briefing and argument have
concluded.

The federal government filed this appeal from the district court's
preliminary injunction issued on November 21, 2025. That injunction
continues to harm the government and the public by actively impeding
federal criminal law enforcement and improperly superintending the
operations of executive agencies charged with enforcing federal law.
Over appellees' objection, this Court granted the government's motion

to expedite this appeal, and the government filed its opening brief on February 17, 2026, in accordance with the expedited briefing schedule set by this Court, with argument to be scheduled for May. *See* Order (Jan. 16, 2026).

Appellees now seek to significantly delay the government's appeal with a remand to the district court so they can conduct discovery about a post-decisional development that has no relevance to the issues on appeal in this Administrative Procedure Act (APA) case. Indeed, in APA cases like this one, the scope of judicial review is limited to the administrative record and discovery is precluded absent extraordinary circumstances that are not present here. But even if the district court were to incorrectly allow discovery, that would not require remand or justify halting the government's appeal.

Plaintiffs' request is ultimately procedural chicanery that is flatly inconsistent with the government's statutory right to an immediate appeal of the preliminary injunction that is causing ongoing harm to the government and the public. Significantly, the government just prevailed in another case before this Court raising a similar challenge and seeking to enjoin the Internal Revenue Service's (IRS) disclosure of

taxpayer address information to U.S. Immigration and Customs Enforcement (ICE). *Centro de Trabajadores Unidos v. Bessent*, No. 25-5181, __ F.4th __, 2026 WL 503310 (D.C. Cir. Feb. 24, 2026). The government's opening brief filed in this appeal demonstrates that the district court lacked authority to issue the preliminary injunction in the first place because, among other reasons, plaintiffs lack Article III standing, do not challenge a final agency action that is reviewable under the APA, and have failed to establish irreparable harm. The merits panel could decide this appeal based on any of those grounds—any one of which is independently fatal to the district court's order—without ever reaching the issue of whether IRS's alleged policy violates 26 U.S.C. § 6103(i)(2). Thus, appellees' proposed discovery is not only irrelevant to the scope of the legal requirements imposed by 26 U.S.C. § 6103, the core merits issue in this appeal, but the Court may not even need to decide that issue. The merits panel will be in the best posture to make this determination and to evaluate any impact of the IRS error after expedited briefing and argument.

Therefore, the Court should deny appellees' motion or, at most, should refer it to the merits panel for resolution after expediting briefing and argument.

## STATEMENT

## A.   Statutory and factual background

This case concerns IRS's disclosure of taxpayer address information to ICE for use in criminal investigations under 8 U.S.C. § 1253(a)(1), which criminalizes the failure of aliens to depart from the United States when under a final order of removal.  26 U.S.C. § 6103 provides numerous exceptions to its general rule that tax returns and information shall not be disclosed, including § 6103(i)(2), which not only authorizes but *requires* the IRS, upon receipt of a compliant request, to disclose return information (including a taxpayer's identity and address information) for use by another federal agency in nontax criminal investigations or proceedings.  *Centro de Trabajadores Unidos v. Bessent*, No. 25-5181, __ F.4th __, 2026 WL 503310, at *7–8 (D.C. Cir. Feb. 24, 2026).

In April 2025, the Department of the Treasury and the Department of Homeland Security (DHS) executed a "Memorandum of Understanding" (MOU) establishing procedures to facilitate IRS's

disclosure of taxpayer address information to ICE, in compliance with

26 U.S.C. § 6103(i)(2), for use by ICE in its criminal enforcement of 8

U.S.C. § 1253(a)(1). This Court recently upheld the MOU's lawfulness

against an APA challenge seeking preliminary injunctive relief. *Centro*

*de Trabajadores Unidos*, 2026 WL 503310, at *6–14. In August 2025,

IRS disclosed the last known address of 47,289 individuals with final

removal orders in response to a request by ICE under § 6103(i)(2) and

the MOU.

## B.    Proceedings below

Plaintiffs-appellees filed this suit in February 2025 under the

Administrative Procedure Act, which provides for judicial review of

"final agency action." 5 U.S.C. § 704. Plaintiffs, however, do not assert

that either the MOU or IRS's August 2025 disclosure to ICE constitutes

the requisite "final agency action" for APA review. Instead, presumably

because they seek *prospective* injunctive relief, plaintiffs maintain that

IRS has adopted a new, unwritten address-sharing "policy" for the

large-scale sharing of taxpayer address information with ICE and that

this alleged policy is a "final agency action" reviewable under the APA.

Plaintiffs thus moved in the district court to enjoin IRS's alleged policy

that permits the disclosure of taxpayer addresses to ICE under

§ 6103(i)(2).

The government disputes that any such policy exists, apart from

IRS's statutory mandate to process compliant requests under 26 U.S.C.

§ 6103(i)(2), and further maintains that plaintiffs have failed to

challenge a final agency action reviewable under the APA. *See* Gov.

Opening Br. 36–42.

In a minute order dated September 9, 2025, the district court

ordered the government to file "the administrative record" based on the

court's determination that "the IRS has taken final agency action by

adopting and implementing a policy of disclosing the addresses of tens

of thousands of taxpayers to [ICE] based on a representation from ICE

that a single ICE employee is (or a small number of ICE employees are)

'personally and directly engaged' in investigating each of those

taxpayers for committing a criminal offense under 8 U.S.C.

§ 1253(a)(1)." As ordered, the government submitted the certified

administrative record, which consists of approximately 1,500 pages. Dkt. 48.[1]

The district court then entered its order, from which this appeal is taken, staying IRS's alleged address-sharing policy under 5 U.S.C. § 705 and enjoining IRS from disclosing taxpayer information to ICE "except in strict compliance" with 26 U.S.C. § 6103(i)(2), as the court—erroneously—interprets the statute.  Dkt. 53; *see* Gov. Opening Br. 46–58 (demonstrating the errors in the district court's interpretation of § 6103(i)(2)).  The order then creates a pre-clearance requirement that appears nowhere in the statute, requiring IRS to notify the court *and* plaintiffs within 48 hours of receiving any request from ICE (or any component of DHS) pursuant to § 6103(i)(2) and to provide 72 hours advance notice to the court and plaintiffs if IRS determines that disclosure in response to any such request would be lawful.

In its supporting opinion, the district court concluded (*inter alia*) that IRS's address-sharing "policy" is a final agency action reviewable under the APA, Dkt. 54 at 37–42, that this alleged policy violates 26

---

[1] Citations to the docket refer to the district court docket, No. 25-cv-457 (D.D.C.).

7

U.S.C. § 6103(i)(2), *id.* at 46–63, and that it is arbitrary and capricious under the APA, *id.* at 63–68. With regard to § 6103(i)(2), the court concluded that IRS's alleged policy violates the statute in several respects. Among the purported violations found by the district court is an atextual requirement, which the court read into the statute, that IRS must "confirm" that the address supplied by the requesting agency, *see* § 6103(i)(2)(B)(i), "matche[s] an address the IRS ha[s] in its system" for the taxpayer. The court held that IRS did not do this in August 2025 when it disclosed taxpayer addresses in response to ICE's request. Dkt. 54 at 56–57.

The government timely appealed, and this Court granted the government's motion to expedite the appeal over appellees' objection. In accordance with the expedited briefing schedule, the government filed its opening brief on February 17, 2026. The government's opening brief demonstrates that the district court's order was an abuse of discretion for multiple independent reasons: (1) plaintiffs lack Article III standing to assert their APA claim, Gov. Opening Br. 21–36; (2) plaintiffs fail to challenge a final agency action reviewable under the APA, *id.* at 36–42; (3) APA review is further precluded by the Internal Revenue Code's

exclusive remedy for § 6103 violations, *id.* at 42–46; (4) even if plaintiffs' APA claim were justiciable, plaintiffs are not likely to succeed on the merits that IRS's alleged policy either violates § 6103(i)(2) or is arbitrary and capricious under the APA, *id.* at 45–59; and (5) plaintiffs cannot show irreparable harm or satisfy the remaining factors for a preliminary injunction or stay of agency action, *id.* at 59–67. Each of these issues is potentially dispositive of this appeal, and in the absence of a "clear showing" by plaintiffs that they are "likely to succeed" on *all* of them, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008), the district court's order cannot stand.

## C.    Post-decisional developments

As noted, IRS's August 2025 disclosure provided ICE with the last known address of 47,289 individual taxpayers whom IRS was able to match with the identifying information provided by ICE. As the district court held, IRS identified a positive match for most of these individuals based on their name and taxpayer identification number supplied by ICE "without [also] confirming that [the] address provided by ICE matched an address the IRS had in its system" for those individuals. Dkt. 54 at 56–57.

Recently, on February 11, 2026, IRS filed in the district court a declaration after discovering that ICE supplied potentially incomplete or potentially insufficient address information for a small percentage (estimated at less than 5%) of the 47,289 individuals whose return information IRS disclosed to ICE. *See* Dkt. 66-1 (Declaration of Dottie A. Romo). For this small percentage of individuals, however, IRS used the best possible matching method by utilizing unique taxpayer identification numbers—which could not mistakenly confuse two different taxpayers—supplied by ICE to ensure a correct match. *Id.* at 3, 5. Even so, IRS notified ICE and requested its assistance to remediate the matter, including by taking steps to ensure appropriate disposal of any data provided to ICE by IRS based on incomplete or insufficient address information. *Id.* at 6. Appellees' motion now seeks a stay of this appeal and remand to the district court so appellees can conduct discovery into this tangential matter. *See* Dkt. 69-2 (appellees' proposed interrogatories and document requests).

## ARGUMENT

The Court should deny appellees' motion for remand. Appellees' proposed discovery has no relevance to the issues on appeal and would

cause significant delay while the injunction remains in place, resulting in irreparable and ongoing harm to federal criminal law enforcement. And while such discovery is generally impermissible in an APA case, this appeal does not prevent the district court from authorizing discovery if it erroneously concludes otherwise, but that still should not impact this appeal. Further, the Court could decide this appeal on any one of several grounds that are each independently fatal to the district court's order without ever reaching the issue of whether IRS's alleged policy violates 26 U.S.C. § 6103(i)(2), such that a remand while the injunction remains in place would not only harm the government and the public by delay but would ultimately waste significant judicial time and resources. *See, e.g.*, *Centro de Trabajadores Unidos v. Bessent*, No. 25-5181, __ F.4th __, 2026 WL 503310, at *6–14 (D.C. Cir. Feb. 24, 2026) (finding no final agency action in similar case challenging something other than a production of information under the statute). The merits panel will be in the best position to make these determinations after expedited briefing and argument have concluded. Therefore, if the Court does not deny appellees' motion, then it should,

at most, refer the motion to the merits panel for resolution after expedited briefing and argument.

## A.   Appellees' proposed discovery is not relevant to the issues on appeal

Among the issues presented by this appeal, *see* Gov. Opening Br. 2–3, is whether IRS's alleged address-sharing policy violates 26 U.S.C. § 6103(i)(2).  According to the district court, IRS has adopted an "address-sharing policy" that is a "final agency action" reviewable under the APA.  Dkt. 54 at 37–39.  A request meets the requirements under § 6103(i)(2) if it sets forth (*inter alia*) "the name and address of the taxpayer with respect to whom the requested return information relates."  26 U.S.C. § 6103(i)(2)(B)(i).  ICE supplied name and address information for the 47,289 individuals whose address information IRS disclosed in August 2025.  As noted, IRS has since learned that ICE provided potentially incomplete or potentially insufficient address information for a small percentage of these individuals, Dkt. 66-1 (Declaration of Dottie A. Romo), and appellees now wish to conduct discovery into that matter.  But this is nothing new that affects the legal issues before this Court—the district court already found that IRS had not checked the correctness of address information for every

12

individual when it issued the injunction. Dkt. 54 at 56–57; *see also* Dkt. 74 at 4. Instead, where ICE supplied a taxpayer identification number, IRS relied on that more reliable method to confirm a match with a taxpayer in its records.

Appellees' proposed discovery is not necessary or relevant to resolving this appeal because any IRS policy unequivocally requires the submission of addresses by the requesting agency. Importantly, the IRS's August 2025 disclosure, where IRS has acknowledged errors in applying the MOU's criteria, is *not* the "final agency action" that is challenged in this case. Rather, it is the IRS's alleged address-sharing *policy* that the district court held is the final agency action reviewable under the APA. Dkt. 54 at 38–39. Therefore, the issue on appeal is whether the IRS's alleged address-sharing policy violates § 6103(i)(2) or is arbitrary and capricious under the APA. The fact that ICE may not have supplied complete address information for a small percentage of individuals whose information IRS disclosed in August 2025 says nothing about IRS's alleged *policy* that is the subject of appellees' APA challenge. And as to that alleged policy (assuming *arguendo* that IRS has adopted such a policy), the administrative record is crystal clear

that IRS's policy is to disclose information under § 6103(i)(2) only if (among other things) the request sets forth the taxpayer's name and address as required by § 6103(i)(2)(B)(i) and the MOU.

Specifically in that regard, the MOU expressly states, as part of ICE's obligations under the MOU, that "each request will contain … the name and address of the taxpayer."  Dkt. 48-3 at 37; *see also* Dkt. 48-3 at 53 (implementing agreement (similar)).  In addition, IRS and Treasury officials have clearly and repeatedly conveyed that ICE requests must provide the taxpayer's name and address.  Dkt. 48-3 at 2, 83, 85.  The administrative record thus establishes that any IRS policy is consistent with § 6103(i)(2)(B)(i)'s requirement that a request for information under the statute must provide the taxpayer's name and address.  That any such policy might have been inadvertently misapplied by IRS in August 2025 is irrelevant to this appeal because appellees' APA claim does not challenge the IRS's August 2025 disclosure as a final agency action, nor did the district court conclude that IRS's August 2025 disclosure is final agency action reviewable under the APA.

14

Delay of this appeal and remand to the district court so that appellees can conduct irrelevant discovery is not warranted. As examples, appellees want the government to identify the date that IRS became aware of the potentially incomplete address information supplied by ICE, the date that IRS notified ICE of the same, safeguards in place to protect the information, the basis for IRS's estimate of the number of potentially incomplete addresses, and any subsequent investigations into the matter by IRS. Dkt. 69-2 (interrogatories). None of that is relevant to this appeal.

Indeed, the only question on appeal concerning § 6103(i)(2)(B)(i)'s requirement that a request set forth the "name and address of the taxpayer" is a *legal* one—*i.e.*, whether there exists some atextual requirement that IRS must "confirm" that the address provided by ICE "matche[s] an address the IRS ha[s] in its system" where IRS has positively identified the taxpayer based on his taxpayer identification number. As explained in the government's opening brief (at 46–50), the statute imposes no such requirement to match addresses where there is a more reliable way to match identity, and no factual discovery is needed for this Court to decide this purely legal question. This Court

15

already accepted that principle in holding that the statute simply requires that the requesting agency provide the address that it believes "to be that 'of the taxpayer'" and that "Congress did not add additional requirements, and we will not write any in." *Centro de Trabajadores Unidos*, __ F.4th __, 2026 WL 503310, at *8 (quoting 26 U.S.C. § 6103(i)(2)(B)(i)).[2]

## B. Appellees' proposed discovery is impermissible in this APA case

In addition, appellees' proposed discovery is impermissible at all events because the scope of review in this APA case is confined to the administrative record. "The administrative record includes all materials compiled by the agency that were before the agency at the

---

[2] In its indicative ruling, the district court said "the IRS violated the [Internal Revenue Code] approximately 42,695 times" by not "confirming" a matching address. Dkt 74 at 5. But that legal conclusion is based entirely on the district court's misinterpretation of the statute to impose some atextual "matching" requirement. *See Centro de Trabajadores Unidos*, __ F.4th __, 2026 WL 503310, at *8 (declining to "read into [§ 6103(i)(2)(B)(i)] words that aren't there to impose additional requirements or qualifications that Congress declined to enact"). More importantly for purposes of this motion, the district court already made that holding in its original ruling, Dkt. 54 at 56–57, so there is nothing new to justify a remand now.

time the decision was made." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (cleaned up).

Here, the challenged agency action is the alleged address-sharing policy that the IRS purportedly adopted, as reflected in the administrative record—at least, that is what the district court found.[3] And the materials compiled by the agency and that were before the agency at the time of IRS's purported adoption of the alleged policy at issue do not include post-decisional facts learned by IRS after it purportedly adopted the alleged policy, including the events about which appellees now want to conduct discovery. Such facts are not properly part of the administrative record. *Edison Elec. Inst. v. Occupational Safety & Health Admin.*, 849 F.2d 611, 617-18 (D.C. Cir. 1988) ("Ordinarily, judicial review of informal agency rule-making is confined to the administrative record; neither party is entitled to

---

[3] The government's opening brief (at 36–42) explains why this alleged policy is not "final agency action" or even "agency action," in part because there is no "agency statement … designed to implement, interpret, or prescribe" the policy anywhere in the administrative record, *see* 5 U.S.C. § 551(4), and neither appellees nor the district court pointed to any such agency statement.

supplement that record with litigation affidavits or other evidentiary material that was not before the agency.").

Moreover, "discovery is permissible in only two circumstances: [(1)] when it provides the only possibility for effective judicial review and there have been no contemporaneous administrative findings (so that without discovery the administrative record is inadequate for review), and [(2)] when there has been a strong showing of bad faith or improper behavior (so that without discovery the administrative record cannot be trusted)." *Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 457-58 (D.C. Cir. 1994) (cleaned up); *accord Community for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997 (D.C. Cir. 1990). Neither circumstance applies here.

As to the first, the administrative record (Dkt. 48) relied on by the district court to find that IRS has adopted an alleged address-sharing policy is approximately 1,500 pages, covering the events surrounding execution of the MOU and IRS's consideration and processing of ICE's request. There is no basis for argument that the administrative record is inadequate so that discovery provides the only possibility for effective judicial review. That exception applies "only in the rare case in which

the record is so bare as to frustrate effective judicial review."

*Community for Creative Non-Violence*, 908 F.2d at 998.  Appellees

themselves maintain that the district court's decision is "extremely

well-supported by the prior record," and they justify discovery only "to

promote judicial efficiency and ensure the court of appeals has the

benefit of relevant facts."  Dkt. 69 at 5–6.  As demonstrated above,

appellees' proposed discovery is not relevant to this appeal, and remand

for that purpose would significantly undermine rather than promote

judicial efficiency.

Second, appellees have made no showing of bad faith or improper

behavior by IRS in compiling the administrative record, much less a

"strong" showing such that the administrative record "cannot be

trusted."  *Saratoga*, 21 F.3d at 458.  As explained above, the

administrative record is certified as to its accuracy and includes all

materials that were before IRS at the time it allegedly adopted the

address-sharing policy as determined by the district court.  That

subsequent events have revealed additional facts of which the agency

was unaware at the time comes nowhere close to demonstrating bad

faith.

Therefore, appellees have failed to demonstrate that the discovery they seek would be permissible in this APA case.

## C. Delay caused by a remand would irreparably harm federal criminal law enforcement

Further, as noted, the delay caused by a remand, with the district court's injunction still in place, would irreparably harm federal criminal law enforcement and would violate the government's legal entitlement to obtain immediate review of the preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). The district court's order is far-reaching and extreme. Based on the court's misinterpretation of 26 U.S.C. § 6103(i)(2)'s requirements, the order impedes and delays federal law enforcement by improperly restricting the information that ICE is entitled to receive from IRS under § 6103(i)(2) for use in criminal investigations. *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.").

Not only that, the order is essentially a "follow-the-law" injunction that establishes an entirely manufactured pre-clearance regime, where IRS is required to notify the district court and plaintiffs of any future

20

requests it receives from ICE—or any component of DHS—under

§ 6103(i)(2) and to provide the court and plaintiffs with advance notice

of any IRS determination to disclose information in response to such

requests.  Requiring prior notice of criminal investigatory activity is

highly unusual and harmful to that process, and the district court's

ongoing micromanagement of the operations of executive agencies

charged with enforcing federal law is "an improper intrusion by a

federal court into the workings of a coordinate branch of the

Government." *Immigration & Naturalization Serv. v. Legalization*

*Assistance Project*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in

chambers).  These harms to the government and the public far outweigh

any benefit to be gained from a remand so that appellees can conduct

discovery about irrelevant post-decisional events.

**D.    At most, appellees' motion for remand should be referred to the merits panel for resolution after expedited briefing and argument**

If the Court does not deny it outright, then appellees' motion for

remand should be referred to the merits panel for resolution after

expedited briefing and argument.  In its indicative ruling, the district

court explained that "the court of appeals is in a better position to

21

determine the usefulness of Plaintiffs' requested discovery in ruling on Defendants' appeal and the extent to which the Address-Sharing Policy's contours must be ascertained for purposes of preliminary relief"; therefore, the district court "prefer[ed] to decide the issue only if the court of appeals thinks it would be useful to deciding Defendants' appeal." Dkt. 74 at 12. The merits panel will be in the best posture to make that determination after expedited briefing and argument have concluded.

Indeed, this Court may not even need to reach the issue of whether IRS's alleged policy violates 26 U.S.C. § 6103(i)(2) in this appeal. The government's appeal raises multiple challenges to the district court's order, wholly apart from the Section 6103 issue, that are each potentially dispositive. These include that plaintiffs lack Article III standing to assert their APA claim, Gov. Opening Br. 21–36; that plaintiffs fail to challenge a final agency action reviewable under the APA, *id.* at 36–42; that APA review is further precluded by the Internal Revenue Code's exclusive remedy for § 6103 violations, *id.* at 42–46; and that plaintiffs cannot show irreparable harm. In the absence of a "clear showing" by plaintiffs that they are "likely to succeed" on *all* of these

issues, *see Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008), the district court's order cannot stand.  Therefore, not only is the discovery irrelevant to the alleged policy under review, but this Court may not even reach the question of whether IRS's alleged policy violates Section 6103, such that any remand for discovery on that issue could turn out to be a colossal waste of time and judicial resources, all while the government and the public continue to suffer irreparable harm caused by the improper injunction.

## CONCLUSION

For the foregoing reasons, the Court should deny appellees' motion for remand.  Alternatively, the Court should refer appellees' motion to the merits panel for resolution after expedited briefing and argument have concluded.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

AUGUST FLENTJE
JACOB CHRISTENSEN
  *s/ Jacob Christensen*
(202) 514-5048
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Room 7515*
  *Washington, DC 20530*

MARCH 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume requirements set out in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains <u>4,296</u> words.  This motion was prepared using Microsoft Word in Century Schoolbook, 14-point font, a proportionally spaced typeface.

*s/ Jacob Christensen*
Jacob Christensen

## CERTIFICATE OF PARTIES AND DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 27(a)(4), the undersigned counsel states as follows:

### A.    Parties and Amici

Plaintiffs-Appellees.  Plaintiffs in the district court and appellees in this appeal are Center for Taxpayer Rights; Main Street Alliance; National Federation of Federal Employees, IAM AFL-CIO; and Communications Workers of America, AFL-CIO.

Defendants-Appellants.  Defendants in the district court and appellants in this appeal are the Internal Revenue Service; Scott Bessent, in his official capacity as Acting Commissioner, Internal Revenue Service; U.S. Department of the Treasury; Scott Bessent, in his official capacity as Secretary of the Treasury; U.S. Digital Service; U.S. DOGE Service Temporary Organization; Amy Gleason, in her official capacity as Acting Administrator of the U.S. DOGE Service and U.S. DOGE Service Temporary Organization; Elon Musk, in his official capacity as the leader of DOGE; Steve Davis, in his official capacity as Chief Operating Officer of DOGE; U.S. Department of the Treasury DOGE Team; U.S. Office of Personnel Management; Charles Ezell, in

his official capacity as Acting Director of the Office of Personnel Management; General Services Administration; Stephen Ehikian, in his official capacity as Acting Administrator of the General Services Administration.

Additional defendants in the district court, who were replaced by substitution under Federal Rule of Civil Procedure 25(d), were Douglas O'Donnell, in his official capacity as Acting Commissioner, Internal Revenue Service; and Michael Faulkender, in his official capacity as Acting Commissioner, Internal Revenue Service.

Amici.  Appearing as amici in the district court were Members of the Congressional Hispanic Caucus Leadership:  Representative Adriano Espaillat of New York, Representative Joaquin Castro of Texas, Representative Gil Cisneros of California, Representative Sylvia Garcia of Texas, Representative Rob Menendez of New Jersey, Representative Andrea Salinas of Oregon, and Representative Norma Torres of California.

Lawyers Defending American Democracy, Inc., has provided notice of its intention to participate as amicus for appellees in this appeal.

<u>Intervenors</u>.  No intervenor has appeared in the district court or in this appeal.

**B.    Disclosure Statement**

A disclosure statement is not required because the movants are governmental parties in a noncriminal case.  *See* Fed. R. App. P. 26.1; D.C. Cir. R. 26.1.


*/s/ Jacob Christensen*
Jacob Christensen