

**U.S. Department of Justice**
Civil Division

Washington, D.C. 20530

Tel: 202-307-0878

April 28, 2026

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue NW
Washington, DC 20001

      RE:    *Center for Taxpayer Rights v. IRS*, No. 26-5006
              Response to notice of supplemental authorities under Fed. R. App. P. 28(j)
              Oral argument scheduled for May 12, 2026

Dear Mr. Cislak:

The Fourth Circuit's decision in *American Federation of State, County and Municipal Employess v. SSA* (*AFSCME*), No. 25-1411, 2026 WL 969670 (4th Cir. Apr. 10, 2026) (en banc), does not support plaintiffs' argument in support of associational standing.

First, *AFSCME* addresses the narrow question whether an injury is "concrete." That question has no bearing on the first hurdle precluding associational standing here— *i.e.*, plaintiffs' failure to show that even a single identified member is likely to suffer an imminent injury in fact from IRS's alleged address-sharing policy because of an outstanding removal order. *See* Gov. Br. 30-32; Reply Br. 8-13.

Second, *AFSCME*'s ruling on concreteness is unpersuasive and distinguishable. *AFSCME* held that the Social Security Administration's disclosure of individuals' personal information to the Department of Government Efficiency inflicted harm that is analogous to the common-law tort of intrusion upon seclusion. 2026 WL 969670, at *4- 6. Six circuit judges disagreed, however, and for good reason. *Id.* at *20 (Richardson, J., concurring). Data-sharing between two government agencies does not involve an intrusion into anyone's "private affairs or concerns," Restatement (Second) of Torts § 652B, and that is especially true where federal law already requires aliens in the United States to provide DHS with their address information—the same information shared with

DHS under IRS's challenged policy, *see* 8 U.S.C. §§ 1305(a), 1103(a)(1); 8 C.F.R. § 265.1; Form AR-11.  Individuals have no reasonable expectation of privacy in information they are legally required to disclose to DHS.

     *AFSCME* also undercuts plaintiffs' pending motion for remand to the district court so they can conduct discovery about post-decisional events that is both irrelevant and impermissible in this Administrative Procedure Act case.  In an appeal from a preliminary injunction, *AFSCME* declined to consider a notice filed in the district court after the injunction issued because the court's task was "to review the record that was before the district court at the time the preliminary injunction was entered."  2026 WL 969670, at *6 n.8.  Plaintiffs' motion similarly fails and should be denied for reasons we explained.  *See* Gov. Opposition to Remand (filed March 9, 2026); Reply Br. 23-25.

        Sincerely,

        /s/ *Jacob Christensen*
        JACOB CHRISTENSEN
        Attorney for Appellants

Word Count:  350

cc:  Counsel of Record (via CM/ECF)