

June 9, 2026

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue NW
Washington, DC 20001

Via CM/ECF

>    Re:  *Center for Taxpayer Rights v. IRS*, No. 26-5006
>    (argument held May 12, 2026) (Millett, Pillard, and Wilkins, JJ.)

Dear Mr. Cislak:

Pursuant to Federal Rule of Appellate Procedure 28(j), we write regarding a recent report issued by the Treasury Inspector General for Tax Administration: *The IRS Provided Addresses for Nearly 47,000 Persons to Immigration and Customs Enforcement,* Evaluation No. IE-25-037 (the "Report") (attached). The Report addresses key issues raised in briefing and oral argument in this case and supports plaintiffs-appellees' position.

First, the Report confirms that the disclosures to ICE were not "an error in applying the [memorandum of understanding (MOU)]'s criteria for a small percentage of individuals," Gray Br. 24, but instead a core feature of the IRS-ICE data-sharing process. *See* Report 6 (IRS data-matching "process flow only verified that the address field was not blank and contained a five- or nine-digit number"). That finding demonstrates the IRS's process did not require ICE to provide an actual taxpayer address, Red Br. 43, and refutes the contention that the "IRS has never adopted any policy that does *not* require" a request to include "the taxpayer's address." Gray Br. 23.

The Report also undercuts any argument that ICE appropriately safeguarded the information it received from the IRS under the MOU.

*See* Blue Br. 8; Gray Br. 16-19, 24 (arguing that data sharing complied with the MOU). The MOU required ICE to maintain return information "in accordance with" statutory requirements and IRS policy. A363-366. On appeal, the IRS asserted that it reasonably relied on ICE's representations that the information was properly safeguarded. *E.g.*, Blue Br. 8. But the Report finds that "ICE did not meet [] safeguarding standards prior to signing the data-sharing agreement," and that the IRS was aware of ICE's failure to implement proper safeguards. Report 3, 8-9. Any reliance on ICE's representations was therefore unreasonable.

Finally, the Report states (at 7) that the Inspector General shared concerns related to "invalid address matches" with the IRS in November and December 2025. The IRS did not alert the district court to these important developments until February 2026.

Respectfully submitted,

*/s/ Madeline H. Gitomer*
Madeline H. Gitomer

*Counsel for plaintiffs-appellees*

Word Count: 323

cc: counsel of record (via CM/ECF)