

**U.S. Department of Justice**
Civil Division

Washington, D.C. 20530

Tel: 202-307-0878

June 16, 2026


Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue NW
Washington, DC 20001

> RE:  *Center for Taxpayer Rights v. IRS*, No. 26-5006
> Response to notice of supplemental authorities under Fed. R. App. P. 28(j)
> Oral argument held on May 12, 2026

Dear Mr. Cislak:

The June 4, 2026 report by the Treasury Inspector General for Tax Administration, *The IRS Provided Addresses for Nearly 47,000 Persons to Immigration and Customs Enforcement* ("Report"), confirms that IRS policy under the MOU requires that ICE provide the taxpayer's name and address in any request pursuant to 26 U.S.C. § 6103(i)(2) and that IRS was attempting to implement the MOU's requirements in its August 2025 response. Report 2. Although the Report identifies implementing errors that caused IRS's response to be both underinclusive and overinclusive, the Report found that IRS has acknowledged the address-matching errors that led to overinclusiveness and has sought ICE's assistance to remediate them. Report 4-8. Such errors do not constitute IRS "policy," nor does the Report support plaintiffs' position that IRS has adopted a policy to process non-compliant requests that fail to meet the MOU's explicit requirements, including that a request set forth the taxpayer's name and address. The district court never found that IRS has adopted a policy to process requests lacking the taxpayer's name and address, nor did the court determine any such policy constitutes "final agency action" under the APA. *See* Gov't Reply Br. 23-25. Any *past* errors in IRS's August 2025 disclosure cannot serve as the basis for the court's preliminary injunction granting *prospective* relief, which requires plaintiffs to demonstrate a "likelihood of future injury." *Food & Drug Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 381 (2024).

The Report belies any suggestion that IRS unreasonably delayed notifying the district court of potential address-matching errors in the August 2025 disclosure.  Upon learning of potential issues, IRS "manually reviewed the data provided to ICE" and notified the court (and DHS) after IRS had confirmed that "less than 5% of the 47,289 individuals for whom the IRS identified a match" were impacted.  Report 3, 7.

Plaintiffs' Rule 28(j) letter raises a new argument for the first time that IRS unreasonably relied on ICE representations to safeguard taxpayer information.  That argument comes too late; and, regardless, disclosure by IRS is mandatory under § 6103(i)(2) upon receipt of a compliant request.

Sincerely,

/s/ *Jacob Christensen*
JACOB CHRISTENSEN
Attorney for Appellants

Word Count:  346

cc:  Counsel of Record (via CM/ECF)