[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

CENTER FOR TAXPAYER RIGHTS, et al.,

    Plaintiffs-Appellees,

v.

INTERNAL REVENUE SERVICE, et al.,

    Defendants-Appellants.

Case No. 26-5006

## MOTION FOR STAY PENDING RESOLUTION OF MOTION FOR INDICATIVE RULING

Pursuant to Federal Rule of Appellate Procedure 27, plaintiffs-appellees Center for Taxpayer Rights et al. (collectively, Plaintiffs) respectfully move for a stay of the briefing schedule previously entered in this case. Two days ago, public reporting revealed that defendant-appellant the Internal Revenue Service (IRS) "improperly shared confidential tax information of thousands of individuals with immigration enforcement officials."[1] Following that reporting, the IRS

---

[1] Jacob Bogage et al., *IRS improperly disclosed confidential immigrant tax data to DHS*, Wash. Post (Feb. 11, 2026),

filed on the district court docket a new declaration from an IRS official "to modify certain prior statements made by Defendants in this case." Dkt. No. 66-1, at ¶ 3.[2] These developments make clear that relevant facts further supporting the district court's ruling are not accurately reflected in the record on appeal, nor did the district court have the opportunity to address them. Plaintiffs therefore intend to promptly seek an indicative ruling from the district court permitting discovery and supplementing the basis for its order granting preliminary relief. To avoid burdening this Court with briefing premised on what the IRS admits is an incorrect factual record, the Center seeks a stay of the appellate briefing pending the district court's resolution of the motion for an indicative ruling. This motion is opposed.

**1.** Plaintiffs brought this case challenging changes in IRS's policies and practices regarding how it shares taxpayers' sensitive and confidential information. *See* Dkt. No. 20 (operative complaint). Such information is by statute protected from disclosure except in carefully

---

https://www.washingtonpost.com/business/2026/02/11/immigrants-irs-dhs-tax-data.
[2] Citations to the docket refer to the district court docket, No. 25-cv-457 (D.D.C.).

delineated circumstances, 26 U.S.C. § 6103, and the IRS has for decades maintained detailed privacy protocols limiting access to sensitive information.

In 2025, the IRS abruptly abandoned those longstanding commitments and adopted a new data-access policy that broadly permitted sharing sensitive taxpayer data outside the agency. The IRS executed a memorandum of understanding with Immigration and Customs Enforcement (ICE) that set forth a process by which the IRS planned to share taxpayer data with ICE, including taxpayers' last-known addresses. Dkt. No. 30-6. In July and August 2025, the IRS processed ICE's mass request for the last-known addresses of 1.2 million taxpayers, sharing address information for approximately 47,000 individuals, under that memorandum, Dkt. No. 54, at 10. Plaintiffs promptly sought preliminary relief in the form of a stay under 5 U.S.C. § 705 or, in the alternative, a preliminary injunction. Dkt. No. 30.

**2.** The district court granted Plaintiffs' motion for preliminary relief. Dkt. Nos. 53, 54. The court concluded that Plaintiffs sufficiently demonstrated organizational and associational standing; that the IRS's

address-sharing policy was subject to APA review; that the policy was contrary to law and arbitrary and capricious; and that plaintiffs were suffering irreparable harm. *See generally* Dkt. No. 54. As a remedy, the court entered "a stay that enjoins further unlawful data transfers, accompanied by requirements to notify the Court of planned future transfers and to notify ICE of the Court's holdings." *Id.* at 90 (formatting altered); *see* Dkt. No. 53 (order).

**3.** Five weeks later, the IRS noticed an appeal Dkt. No. 59; *see also* Dkt. No. 61 (amended notice of appeal). After another ten days, the IRS sought an expedited briefing schedule, which this Court entered the same day. *See* Order (Jan. 16, 2026). Under the current briefing schedule, the IRS's opening brief is due February 19, 2026, and Plaintiffs' response brief is due March 19, 2026; the court intends to hear oral argument on a date to be determined in May 2026.

**4.** On February 11, 2026, the *Washington Post* reported that "[w]hen the IRS shared the addresses with" ICE of the 47,000 individuals discussed above, "it also inadvertently disclosed private information for thousands of taxpayers erroneously." *See* Bogage et al., *supra* note 1. The Treasury Department has known about this issue

since at least January 23, 2026, when it notified the Department of Homeland Security. Dkt. No. 66-1, at ¶ 18. Despite that knowledge, the IRS failed to notify the district court of this development prior to the public reporting. Instead, after the reporting broke on February 11, the IRS filed a "notice" on the district court docket with an attached "supplemental declaration." Dkt. No. 66. The IRS offers that declaration "to modify certain prior statements made by Defendants in this case." Dkt. No. 66-1, at ¶ 3. The declaration purports to explain how and why the IRS shared address information with ICE improperly. *See id.* at ¶¶ 11-17.

As the IRS's new filings tacitly recognize, this newly disclosed information is highly relevant to the issues presented—in significant part because it contradicts the IRS's submissions to the district court in multiple respects.[3] This information provides further support for key factual findings in the district court's opinion.

---

[3] In a related case pending before this Court, the government has filed a notice of supplemental authority regarding its new declaration in this case. *See* Letter, *Centro de Trabajadores Unidos v. Bessent*, No. 25-5181 (D.C. Cir. Feb. 11, 2026). That filing further confirms that the government understands these new facts are relevant to the issues presented on appeal.

To take one example, Plaintiffs argued, and the district court found, that the IRS's automated processes and quality checks were insufficient to ensure that IRS data would only be disclosed where ICE had provided an accurate current or past address for an individual, as the law requires. Dkt. No. 54, at 56-57. That finding supported the court's conclusion that the August 2025 data transfer violated the Internal Revenue Code. *Id*. The IRS had argued that this concern was "based only on speculation" and was "untrue," and that one of the IRS's automated processes required the ICE-supplied address to be an exact match to an address in IRS records before the IRS would produce data to ICE. *See* Dkt. No. 52, at 3.

The new declaration makes clear that the IRS's statement was incorrect, and that such unlawful data transfers actually occurred. The IRS processed requests and shared last-known address information for thousands of taxpayers where ICE's request failed to include a complete address, much less one that matched an address in the IRS's files. For thousands of taxpayers, the IRS shared data where ICE's request included a zip code and "language indicating that the address was not

complete," or included the name of a location without a street address, Dkt. No. 66-1, at ¶¶ 13-14.

As another example, the declaration contradicts how the IRS described its process for ensuring that responses to ICE's requests complied with applicable privacy protections. At the motion hearing, counsel represented to the district court that the "IRS first determined to make sure that all of the information as required by the [memorandum of understanding] was present" before sharing address data. Dkt. No. 38, at 26 (transcript). By contrast, the new declaration admits that the processes the IRS implemented "were not designed to identify the additional types of data insufficiencies" present in ICE's requests. Dkt. No. 66-1, at ¶ 15.

**5.** The record that was before the district court at the time of its preliminary injunction ruling is therefore in need of correction. Given these developments, Plaintiffs will move the district court under Federal Rule of Civil Procedure 62.1 for an indicative ruling that the court would consider this new evidence and accordingly supplement its opinion and order granting preliminary relief. The pending appeal in this case "divests the district court of its control over those aspects of

the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). Because the appeal may mean that the district court lacks jurisdiction to modify its order, *see In re Sealed Case*, 77 F.4th 815, 828 n.4 (D.C. Cir. 2023), an indicative ruling is the appropriate procedural mechanism by which to seek this relief in the district court.

**6.** A stay of the appellate proceedings is warranted pending the disposition of Plaintiffs' motion for an indicative ruling. If the district court "states that it would grant the motion or that the motion raises a substantial issue," this Court should "remand for further proceedings" or "dismiss[] the appeal." Fed. R. App. P. 12.1(a). That would allow the district court to develop the record and to modify its opinion and order granting preliminary relief, as appropriate, in light of newly disclosed facts. Importantly, those district court proceedings should precede any briefing in this Court. That sequence of events will ensure that the Court has a complete and accurate factual basis in considering this appeal, and that the parties can present arguments based on real—not hypothetical—facts. Judicial efficiency therefore favors staying the briefing schedule pending the district court's indicative ruling.

Plaintiffs recognize that this Court previously granted the IRS's motion to expedite this appeal. *See* Order (Jan. 16, 2026). Since that order, highly relevant new facts regarding the IRS's behavior have come to light. Those facts warrant a modification to the briefing schedule for the reasons given above. And the IRS can hardly claim to be prejudiced by any delay in the briefing schedule, given (1) that it is solely responsible for the belated revelation of its own improper conduct, and (2) its own delay in pursuing this appeal. The IRS did not notice an appeal for 45 days after the district court entered preliminary relief, and then waited 10 days before seeking to expedite the appeal. *Cf. Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (holding that a 44-day delay in seeking equitable relief was "inexcusable"). There is simply no genuine emergency that would require maintaining the current briefing schedule when important factual developments have come to light.

**7.** Undersigned counsel conferred with counsel for the IRS, who indicated that the IRS opposes this motion.

Date: February 13, 2026

Respectfully submitted,

*/s/ Simon C. Brewer*
Simon C. Brewer
Daniel A. McGrath
Madeline H. Gitomer
Steven Y. Bressler
Robin F. Thurston

Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
sbrewer@democracyforward.org

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1627 words, according to the count of Microsoft Word, and the typeface and typestyle requirements of Federal Rule 32(a)(5)-(6) because it was prepared in 14-point Century Schoolbook, a proportionally spaced font.

February 13, 2026

*/s/ Simon C. Brewer*
Simon C. Brewer

# ADDENDUM

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

CENTER FOR TAXPAYER RIGHTS, et al.,

    Plaintiffs-Appellees,

v.

INTERNAL REVENUE SERVICE, et al.,

    Defendants-Appellants.

Case No. 26-5006

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rules 27(a)(4) and 28(a)(1), undersigned counsel for appellees Center for Taxpayer Rights et al. hereby provide the following information:

### I. Parties Appearing Below and in this Court

The plaintiffs in the district court, and appellees in this Court, are the Center for Taxpayer Rights; Main Street Alliance; National Federation of Federal Employees, IAM AFL-CIO; and Communication Workers of America, AFL-CIO.

The defendants in the district court, and appellants in this Court, are the Internal Revenue Service; Scott Bessent, in his official capacity

as Acting Commissioner of the Internal Revenue Service; U.S. Department of the Treasury; Scott Bessent, in his official capacity as Secretary of the Treasury; U.S. Digital Service (U.S. DOGE Service); U.S. DOGE Service Temporary Organization; Amy Gleason, in her purported official capacity as Acting Administrator of the U.S. DOGE Service and U.S. DOGE Service Temporary Organization; Elon Musk, in his official capacity as the leader of DOGE; Steve Davis, in his official capacity as Chief Operating Officer of DOGE; U.S. Department of the Treasury DOGE Team; U.S. Office of Personnel Management; Scott Kupor, in his official capacity as Director of the Office of Personnel Management; General Services Administration; Edward C. Frost, in his official capacity as Administrator of the General Services Administration.[1]

## II. Amici Appearing Below and in this Court

Amici appearing in the district court were several Members of Congress (Representative Adriano Espaillat of New York, Representative Joaquin Castro of Texas, Representative Gil Cisneros of

---

[1] Parties sued in their official capacities have had their successors in office automatically substituted pursuant to Federal Rule of Civil Procedure 25(d) and Federal Rule of Appellate Procedure 43(c).

California, Representative Sylvia Garcia of Texas, Representative Rob Menendez of New Jersey, Representative Andrea Salinas of Oregon, and Representative Norma Torres of California).

In this Court, Lawyers Defending American Democracy has filed a notice of its intention to participate as amicus curiae.

## III. Rulings Under Review

The ruling under review in this case is the order of the district court (Kollar-Kotelly, J.), dated November 21, 2025, that granted plaintiffs' motion for a stay under 5 U.S.C. § 705 or, in the alternative, for a preliminary injunction. That order is not yet published but is available on Westlaw at 2025 WL 3251044 (D.D.C. Nov. 21, 2025).

## IV. Related Cases

This case has not previously been before this Court or any other court. Undersigned counsel are aware of the following related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C): *Centro de Trabajadores Unidos v. Bessent*, No. 25-5181 (D.C. Cir.); *Alliance for Retired Americans v. Bessent*, No. 25-cv-313 (D.D.C.).

February 13, 2026

                                          */s/ Simon C. Brewer*
                                          Simon C. Brewer

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Circuit Rule 26.1, and Circuit Rule 27(a)(4), I state that no Plaintiff has any parent corporation and that no publicly held corporation has a 10% or greater ownership interest in any Plaintiff.

February 13, 2026

*/s/ Simon C. Brewer*
Simon C. Brewer
