IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

CENTER FOR TAXPAYER RIGHTS, et al.,

    Plaintiffs-Appellees,

v.

INTERNAL REVENUE SERVICE, et al.,

    Defendants-Appellants,

No. 26-5006

**APPELLANTS' OPPOSITION TO APPELLEES'
MOTION TO HOLD APPEAL IN ABEYANCE**

The federal government filed this appeal from the district court's preliminary injunction issued on November 21, 2025. That injunction continues to harm the government and the public by actively impeding federal criminal law enforcement and improperly superintending the operations of executive agencies charged with enforcing federal law. Over appellees' objection, this Court granted the government's motion to expedite this appeal, and the government filed its opening brief on February 17 in accordance with the expedited briefing schedule set by this Court, with argument to be scheduled for May. *See* Order, filed Jan. 16, 2026.

Appellees now seek to significantly delay the government's appeal with a remand to the district court so they can conduct discovery about a post-decisional event that has no relevance to the issues on appeal. Not only would a remand fail to advance the proper resolution of this appeal, but appellees' effort to delay also violates the government's legal entitlement to obtain review of the preliminary injunction.

The Court should deny appellees' motion and proceed in accordance with its previous order expediting this appeal to prevent irreparable harm to federal criminal law enforcement that would result from delay. Additionally, even if the district court were to issue an indicative ruling to permit discovery, that discovery concerns post-decision events, is irrelevant to the issues on appeal, and this Court should therefore decline to remand or should refer any decision as to whether a remand under Federal Rule of Appellate Procedure 12.1 is warranted to the merits panel for resolution after expedited briefing and argument.

## STATEMENT

### A.   Statutory and factual background

This case concerns the Internal Revenue Service's disclosure of taxpayer address information to U.S. Immigration and Customs

Enforcement (ICE) for use in criminal investigations under 8 U.S.C. § 1253(a)(1), which criminalizes the failure of aliens to depart from the United States when under a final order of removal.  26 U.S.C. § 6103 provides numerous exceptions to its general rule that tax returns and information shall not be disclosed, including § 6103(i)(2), which not only authorizes but *requires* the IRS, upon receipt of a compliant request, to disclose return information (including a taxpayer's identity and address information) for use by another federal agency in nontax criminal investigations or proceedings.

In April 2025, the Department of the Treasury and the Department of Homeland Security (DHS) executed a "Memorandum of Understanding" (MOU) establishing procedures to facilitate IRS's disclosure of taxpayer address information to ICE, in compliance with 26 U.S.C. § 6103(i)(2), for use by ICE in its criminal enforcement of 8 U.S.C. § 1253(a)(1).  In August 2025, IRS disclosed the last known address of 47,289 individuals with final removal orders in response to a request by ICE under § 6103(i)(2) and the MOU.

## B. Proceedings below

Plaintiffs-appellees filed this suit under the Administrative Procedure Act, which provides for judicial review of "final agency action." 5 U.S.C. § 704. Plaintiffs, however, do not assert that either the MOU or IRS's August 2025 disclosure to ICE constitutes the requisite "final agency action" for APA review. Instead, presumably because they seek *prospective* injunctive relief, plaintiffs maintain that IRS has adopted a new, unwritten address-sharing "policy" for the large-scale sharing of taxpayer address information with ICE and that this alleged policy is a "final agency action" reviewable under the APA. Plaintiffs thus moved in the district court to enjoin IRS's alleged policy that permits the disclosure of taxpayer addresses to ICE under § 6103(i)(2).[1]

In a minute order dated September 9, 2025, the district court ordered the government to file "the administrative record" based on the court's determination that "the IRS has taken final agency action by

---

[1] The government disputes that any such policy exists, apart from IRS's statutory mandate to process compliant requests under 26 U.S.C. § 6103(i)(2), and further maintains (*inter alia*) that plaintiffs have failed to challenge a final agency action reviewable under the APA. *See* Gov. Opening Br. 36-42.

4

adopting and implementing a policy of disclosing the addresses of tens of thousands of taxpayers to [ICE] based on a representation from ICE that a single ICE employee is (or a small number of ICE employees are) 'personally and directly engaged' in investigating each of those taxpayers for committing a criminal offense under 8 U.S.C. § 1253(a)(1)." As ordered, the government submitted the certified administrative record, which consists of approximately 1,500 pages. Dkt. 48.[2]

The district court then entered its order, from which this appeal is taken, staying IRS's alleged address-sharing policy under 5 U.S.C. § 705 and enjoining IRS from disclosing taxpayer information to ICE "except in strict compliance" with 26 U.S.C. § 6103(i)(2), as the court (erroneously) interprets the statute. Dkt. 53; *see* Gov. Opening Br. 46–58 (demonstrating errors). The order then creates a pre-clearance requirement that appears nowhere in the statute, requiring IRS to notify the court *and* plaintiffs within 48 hours of receiving any request from ICE (or any component of DHS) pursuant to § 6103(i)(2) and to

---

[2] Citations to the docket refer to the district court docket, No. 25-cv-457 (D.D.C.).

provide 72 hours advance notice to the court and plaintiffs if IRS determines that disclosure in response to any such request would be lawful.

In its supporting opinion, the district court concluded (*inter alia*) that IRS's address-sharing policy is a final agency action reviewable under the APA, Dkt. 54 at 37–42, that this alleged policy violates 26 U.S.C. § 6103(i)(2), *id.* at 46–63, and that it is arbitrary and capricious under the APA, *id.* at 63–68. With regard to § 6103(i)(2), the court concluded that IRS's alleged policy violates the statute in several respects. Among the purported violations found by the district court is an atextual requirement, which the court read into the statute, that IRS must "confirm" that the address supplied by the requesting agency, *see* § 6103(i)(2)(B)(i), "matche[s] an address the IRS ha[s] in its system" for the taxpayer, and IRS did not do this in August 2025 when it disclosed taxpayer addresses in response to ICE's request. Dkt. 54 at 56–57.

The government timely appealed, and this Court granted the government's motion to expedite the appeal over appellees' objection. In accordance with the expedited briefing schedule, the government filed its opening brief on February 17, 2026. The government's opening brief

6

demonstrates that the district court's order was an abuse of discretion for multiple independent reasons: (1) plaintiffs lack Article III standing to assert their APA claim (Gov. Opening Br. 21–36); (2) plaintiffs fail to challenge a final agency action reviewable under the APA (*id.* at 36–42); (3) APA review is further precluded by the Internal Revenue Code's exclusive remedy for § 6103 violations (*id.* at 42–46); (4) even if plaintiffs' APA claim were justiciable, plaintiffs are not likely to succeed on the merits that IRS's alleged policy either violates § 6103(i)(2) or is arbitrary and capricious under the APA (*id.* at 45–59); and (5) plaintiffs cannot show irreparable harm or satisfy the remaining factors for a preliminary injunction or stay of agency action (*id.* at 59–67). Each of these issues is potentially dispositive of this appeal, and in the absence of a "clear showing" by plaintiffs that they are "likely to succeed" on *all* of them, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008), the district court's order cannot stand.

**C.     Post-decisional event**

As noted, IRS's August 2025 disclosure provided ICE with the last known address of 47,289 individual taxpayers whom IRS was able to match with the identifying information provided by ICE. As the district

7

court observed, IRS identified a positive match for most of these individuals based on their name and taxpayer identification number supplied by ICE "without [also] confirming that [the] address provided by ICE matched an address the IRS had in its system" for those individuals. Dkt. 54 at 56–57.

Recently, on February 11, 2026, IRS filed in the district court a declaration after discovering that ICE supplied potentially incomplete or potentially insufficient address information for a small percentage (estimated at less than 5%) of the 47,289 individuals whose return information IRS disclosed to ICE. *See* Dkt. 66-1 (Declaration of Dottie A. Romo). For this small percentage of individuals, however, IRS used the best possible matching method by utilizing unique taxpayer identification numbers—which could not mistakenly confuse two different taxpayers—supplied by ICE to ensure a correct match. *Id.* at 3, 5. Even so, upon identifying these issues, IRS notified ICE and requested its assistance to remediate the matter, including by taking steps to ensure appropriate disposal of any data provided to ICE by IRS based on incomplete or insufficient address information. *Id.* at 6. Appellees' motion now seeks a stay of this appeal and remand to the

district court so appellees can conduct discovery into this tangential matter. *See* Dkt. 69-2 (appellees' proposed interrogatories and document requests).

## ARGUMENT

The Court should deny appellees' motion for a stay and remand because their proposed discovery has no relevance to the issues on appeal and would cause significant delay with the present injunction still in place, resulting in irreparable and ongoing harm to federal criminal law enforcement. Discovery is generally impermissible in APA cases in any event because the scope of review is confined to the administrative record. *Edison Elec. Inst. v. Occupational Safety & Health Admin.*, 849 F.2d 611, 617–18 (D.C. Cir. 1988); *see also Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 457–58 (D.C. Cir. 1994). But whether or not the district court permits discovery has no bearing on this appeal and should not hold up or prevent the government from pursuing its appeal of the preliminary injunction. Accordingly, even if the district court were to issue an indicative ruling to permit discovery, this Court should decline to remand or should refer any decision as to whether a remand under Federal Rule of Appellate Procedure 12.1 is

warranted to the merits panel for resolution after expedited briefing and argument.

## A. Appellees' proposed discovery is not relevant to the issues on appeal

Among the issues presented by this appeal, *see* Gov. Opening Br. 2–3, is whether IRS's alleged address-sharing policy violates 26 U.S.C. § 6103(i)(2). According to the district court, IRS has adopted an "address-sharing policy" that is a "final agency action" reviewable under the APA. Dkt. 54 at 37–39. A request under § 6103(i)(2) must set forth (*inter alia*) "the name and address of the taxpayer with respect to whom the requested return information relates." 26 U.S.C. § 6103(i)(2)(B)(i). ICE supplied name and address information for the 47,289 individuals whose address information IRS disclosed in August 2025. As noted, IRS has since learned that ICE provided potentially incomplete or potentially insufficient address information for a small percentage of these individuals, Dkt. 66-1 (Declaration of Dottie A. Romo), and appellees now wish to conduct discovery into that matter.

Appellees' proposed discovery is not relevant to the issues on appeal because the IRS's August 2025 disclosure is *not* the "final agency action" that is challenged in this case. Rather, it is the IRS's alleged

10

address-sharing *policy* that the district court held is the final agency action reviewable under the APA. Dkt. 54 at 38–39. Therefore, the issue on appeal is whether the IRS's alleged address-sharing *policy* violates § 6103(i)(2) or is arbitrary and capricious under the APA. The fact that ICE may not have supplied complete address information for a small percentage of individuals whose information IRS disclosed in August 2025 says nothing about IRS's alleged *policy* that is the subject of appellees' APA challenge. And as to that alleged policy (assuming *arguendo* that the IRS has adopted such a policy), the administrative record is crystal clear that IRS's policy is to disclose information under § 6103(i)(2) only if (among other things) the request sets forth the taxpayer's name and address pursuant to § 6103(i)(2)(B)(i).

In that regard, the MOU expressly states, as part of ICE's obligations under the MOU, that "each request will contain … the name and address of the taxpayer." Dkt. 48-3 at 37; *see also* Dkt. 48-3 at 53 (implementing agreement (similar)). In addition, IRS and Treasury officials have clearly and repeatedly conveyed that ICE requests must provide the taxpayer's name and address. Dkt. 48-3 at 2, 83, 85. The administrative record thus establishes that any IRS policy is consistent

11

with § 6103(i)(2)(B)(i)'s requirement that a request for information under the statute must provide the taxpayer's name and address. That any such policy might have been inadvertently misapplied by IRS in August 2025 is irrelevant to this appeal because appellees' APA claim does not challenge the IRS's August 2025 disclosure as a final agency action, presumably because they seek prospective injunctive relief, nor did the district court conclude that IRS's August 2025 disclosure is final agency action reviewable under the APA.

      Therefore, delay of this appeal or remand to the district court so that appellees can conduct irrelevant discovery is not warranted under Federal Rule of Appellate Procedure 12.1, even if the district court were to issue an indicative ruling or otherwise permit discovery. As examples, appellees want the government to identify the date that IRS became aware of the potentially incomplete address information supplied by ICE, the date that IRS notified ICE of the same, safeguards in place to protect the information, the basis for IRS's estimate of the number of potentially incomplete addresses, and any subsequent investigations into the matter by IRS. Dkt. 69-2 (interrogatories). None of that is relevant to this appeal.

Indeed, the only question on appeal concerning § 6103(i)(2)(B)(i)'s requirement that a request set forth the "name and address of the taxpayer" is a *legal* one—*i.e.*, whether there exists some atextual requirement that IRS must "confirm" that the address provided by ICE "matche[s] an address the IRS ha[s] in its system" where IRS has positively identified the taxpayer based on his taxpayer identification number. As explained in the government's opening brief (at 46–50), the statute imposes no such requirement, and no factual discovery is needed for this Court to decide this purely legal question.

### B. Delay caused by a remand would irreparably harm federal criminal law enforcement

Further, the delay caused by a remand, with the district court's injunction still in place, would irreparably harm federal criminal law enforcement and would violate the government's legal entitlement to obtain review of the preliminary injunction. The district court's order is far-reaching and extreme. Based on the court's misinterpretation of 26 U.S.C. § 6103(i)(2)'s requirements, the order impedes and delays federal law enforcement by improperly restricting the information that ICE is entitled to receive from IRS under § 6103(i)(2) for use in criminal investigations. *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts,

C.J., in chambers) ("Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.").

Not only that, the order is essentially a "follow-the-law" injunction that establishes an entirely manufactured pre-clearance regime, where IRS is required to notify the district court and plaintiffs of any future requests it receives from ICE—or any component of DHS—under § 6103(i)(2) and to provide the court and plaintiffs with advance notice of any IRS determination to disclose information in response to such requests. Requiring prior notice of criminal investigatory activity is highly unusual and harmful to that process, and the district court's ongoing micromanagement of the operations of executive agencies charged with enforcing federal law is "an improper intrusion by a federal court into the workings of a coordinate branch of the Government." *Immigration & Naturalization Serv. v. Legalization Assistance Project*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers). These harms to the government and the public far outweigh any benefit to be gained from a remand so that appellees can conduct discovery about irrelevant post-decisional events.

## CONCLUSION

For the foregoing reasons, the Court should deny appellees' motion for a stay of this appeal. If the district court were to issue an indicative ruling to permit discovery, this Court should decline to remand or should refer any decision as to whether a remand under Federal Rule of Appellate Procedure 12.1 is warranted to the merits panel for resolution after expedited briefing and argument.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

AUGUST FLENTJE
JACOB CHRISTENSEN
 *s/ Jacob Christensen*
(202) 514-5048
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Room 7515*
  *Washington, DC 20530*

FEBRUARY 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion satisfies the type-volume requirements set out in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,717 words.  This motion was prepared using Microsoft Word in Century Schoolbook, 14-point font, a proportionally spaced typeface.

*s/ Jacob Christensen*
Jacob Christensen

# CERTIFICATE OF PARTIES AND DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 27(a)(4), the undersigned counsel states as follows:

### A. Parties and Amici

<u>Plaintiffs-Appellees</u>. Plaintiffs in the district court and appellees in this appeal are Center for Taxpayer Rights; Main Street Alliance; National Federation of Federal Employees, IAM AFL-CIO; and Communications Workers of America, AFL-CIO.

<u>Defendants-Appellants</u>. Defendants in the district court and appellants in this appeal are the Internal Revenue Service; Scott Bessent, in his official capacity as Acting Commissioner, Internal Revenue Service; U.S. Department of the Treasury; Scott Bessent, in his official capacity as Secretary of the Treasury; U.S. Digital Service; U.S. DOGE Service Temporary Organization; Amy Gleason, in her official capacity as Acting Administrator of the U.S. DOGE Service and U.S. DOGE Service Temporary Organization; Elon Musk, in his official capacity as the leader of DOGE; Steve Davis, in his official capacity as Chief Operating Officer of DOGE; U.S. Department of the Treasury DOGE Team; U.S. Office of Personnel Management; Charles Ezell, in

his official capacity as Acting Director of the Office of Personnel Management; General Services Administration; Stephen Ehikian, in his official capacity as Acting Administrator of the General Services Administration.

Additional defendants in the district court, who were replaced by substitution under Federal Rule of Civil Procedure 25(d), were Douglas O'Donnell, in his official capacity as Acting Commissioner, Internal Revenue Service; and Michael Faulkender, in his official capacity as Acting Commissioner, Internal Revenue Service.

<u>Amici</u>.  Appearing as amici in the district court were Members of the Congressional Hispanic Caucus Leadership:  Representative Adriano Espaillat of New York, Representative Joaquin Castro of Texas, Representative Gil Cisneros of California, Representative Sylvia Garcia of Texas, Representative Rob Menendez of New Jersey, Representative Andrea Salinas of Oregon, and Representative Norma Torres of California.

Lawyers Defending American Democracy, Inc., has provided notice of its intention to participate as amicus for appellees in this appeal.

<u>Intervenors</u>.  No intervenor has appeared in the district court or in this appeal.

**B.     Disclosure Statement**

A disclosure statement is not required because the movants are governmental parties in a noncriminal case.  *See* Fed. R. App. P. 26.1; D.C. Cir. R. 26.1.

                                                                    */s/ Jacob Christensen*
                                                                    Jacob Christensen