[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CENTER FOR TAXPAYER RIGHTS, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, et al., <br><br> Defendants-Appellants. | Case No. 26-5006 |

## REPLY IN SUPPORT OF MOTION FOR STAY PENDING RESOLUTION OF MOTION FOR INDICATIVE RULING

This Court should stay appellate proceedings to allow the district court to resolve Plaintiffs' pending motion for an indicative ruling. As Plaintiffs' motion to stay explained (at 1–2), after noticing this appeal, the Internal Revenue Service (IRS) filed a new declaration admitting it introduced erroneous statements into the record prior to the district court's decision and, without specifically identifying those misstatements, purporting to correct them. Plaintiffs have sought an indicative ruling that the district court would supplement the record on

appeal and permit discovery necessary to understand the full impact of the IRS's belated disclosures.

The district court has already responded to these events with undeniable diligence. Mere hours after Plaintiffs filed their motion seeking an indicative ruling, the district court granted it in part and ordered the government to respond to the remainder promptly. *See* Minute Order (Feb. 13, 2026). That motion is now fully briefed, and there is every reason to believe the district court will continue to address the issue with all appropriate speed.

Staying appellate proceedings pending the district court's action will promote judicial economy and facilitate this Court's review of the district court's order. *See* Mot. 5–8. Nonetheless, the IRS opposes a stay of appellate proceedings on two grounds. Neither is persuasive.

*First,* the government suggests that the district court's resolution of the motion for an indicative ruling has no bearing on the appeal. Opp'n 10–13. That is plainly wrong. IRS's declaration contradicts factual representations made in its submissions opposing Plaintiffs' motion for preliminary relief, and—at a minimum—it calls into question whether the government accurately described the IRS policy in

2

the administrative record. *See* Dkt. No. 72, at 4. Plaintiffs have asked the district court to authorize limited discovery calculated "to ascertain the contours of the precise policy at issue." *Hisp. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018) (quotation marks omitted). The Administrative Procedure Act permits such discovery, and it is particularly warranted in a case where the government itself has now filed an extra-record document to alert the district court to prior misrepresentations (though, again, without specifically identifying or correcting them).

The IRS attempts to minimize the significance of its new declaration, asserting that the declaration merely discloses an "inadvertent[] misappli[cation]" of the IRS policy. Opp'n 12. This is mere *ipse dixit*, and Plaintiffs should not be forced to accept the IRS's self-serving characterization at face value. The IRS concedes it processed a data request that did *not* contain taxpayers' addresses for thousands of individuals—in blatant violation of 26 U.S.C. § 6103(i)(2)(B)— which reveals that the address-sharing policy did not function as the agency described it to the district court. *See* Mot. 6–7. That fact certainly bears on whether the policy derogates from statutory

3

requirements or is arbitrary and capricious, issues central to the appeal.

The district court should determine in the first instance whether the additional information Plaintiffs seek would inform its order granting preliminary relief and should be included in the record on appeal. If the government believes any additional evidence is irrelevant to the issues presented, it can present that merits argument when proceedings resume in this Court. But after submitting new evidence while this appeal was pending, the IRS should not be allowed to short-circuit the district court's consideration of whether the record should be supplemented. A stay will allow the district court time to undertake that consideration, and allow this Court to take appropriate action under Federal Rule of Appellate Procedure 12.1 following the district court's indicative ruling.

*Second,* the government briefly argues that it would suffer irreparable harm from a stay. *See* Opp'n 13–14. As Plaintiffs explained (Mot. 9), such assertions are particularly difficult to credit in light of the IRS's delay in pursuing an appeal. *Cf. Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1318 (1983) (Blackmun, J., in chambers) ("[T]he

Administrator's failure to act with greater dispatch tends to blunt his claim of urgency . . . ."). The government does not ordinarily wait five weeks to notice an appeal, and then decline to seek a stay pending appeal, when it regards a district court's order as presenting a genuine emergency. And any delay could have been minimized if the IRS had disclosed this new information promptly, instead of waiting weeks to file its new declaration with the district court. *See* Mot. 4–5 (describing how the government waited at least 19 days to notify the district court). The IRS's assertions of irreparable harm simply ignore its own inconsistent litigation conduct.[1]

In any event, the government's argument fails on its own terms. The IRS first suggests that it is harmed because the injunction prevents it from "effectuating statutes enacted by representatives of its people." Opp'n 14 (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)). That assertion is immediately belied by the IRS's complaint that "the order is essentially a 'follow-the-law'

---

[1] At several points, the government suggests that Plaintiffs opposed expediting this appeal. *See* Opp'n 1, 6. In fact, Plaintiffs did not oppose such a request except to the extent that the government sought to limit any future motion seeking an extension to a maximum of two weeks.

injunction." *Id.* The government makes no effort to reconcile these inconsistent positions. And, as the district court's thorough analysis makes clear, the IRS "is *not*, in fact, 'effectuating the statute enacted by representatives of its people' because it is not giving effect to the statute's" limitations on data-sharing. *Make the Rd. N.Y. v. Noem*, 2025 WL 3563313, at *32 (D.C. Cir. Nov. 22, 2025) (statement of Millett and Childs, JJ.) (alterations omitted). The district court's order in no way prevents the IRS from carrying out its statutory obligations; rather, it ensures that the IRS complies with them.

The government also complains that the district court's order requires the IRS to file, under seal, a notice apprising the court and Plaintiffs about any future data-sharing requests from the Department of Homeland Security. Opp'n 14. The district court crafted this relief to avoid "unduly burden[ing]" the government's "interest in vigorous enforcement of criminal statutes." Dkt. No. 54, at 90. Such narrowly tailored relief guarantees that the Department of Homeland Security "will retain the ability to request information from the IRS in strict compliance with the [law]," while simultaneously ensuring that the court can monitor compliance with its order. *Id.* Rather than engaging

6

with what the district court actually required, the government mischaracterizes the order as establishing a "pre-clearance regime." Opp'n 14. The order requires notice, but it does not obligate the government to seek the district court's pre-approval of data-sharing requests.

Since the district court entered its order three months ago, IRS has filed two such notices under seal. *See* Dkt. Nos. 67, 71. Neither notice contains any confidential information, and the government does not oppose unsealing those notices. *See* Dkt. No. 73, at 1–2 (motion to unseal). Given that position, it is difficult to understand how filing such notices could be "harmful" to any "criminal investigatory activity." Opp'n 14.

* * *

For the foregoing reasons, the Court should stay proceedings in this appeal pending the district court's resolution of Plaintiffs' fully-briefed motion for an indicative ruling.

Date: February 24, 2026

Respectfully submitted,

*/s/ Simon C. Brewer*
Simon C. Brewer

7

        Daniel A. McGrath
        Madeline H. Gitomer
        Steven Y. Bressler
        Robin F. Thurston

        Democracy Forward Foundation
        P.O. Box 34553
        Washington, DC 20043
        (202) 448-9090
        sbrewer@democracyforward.org

        *Counsel for Plaintiffs-Appellees*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1204 words, according to the count of Microsoft Word, and the typeface and typestyle requirements of Federal Rule 32(a)(5)-(6) because it was prepared in 14-point Century Schoolbook, a proportionally spaced font.

February 24, 2026

*/s/ Simon C. Brewer*
Simon C. Brewer